IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID MICHAEL MCPHERSON,

        Petitioner,

vs.                                                  No. CV 18-00191 WJ/GBW

RICK MARTINEZ (WARDEN),

        Respondent.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under Rule 4 of the Rules Governing Section 2254 Cases on the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 By a Prisoner in State Custody filed by Petitioner, David Michael McPherson (Doc. 1). The Court concludes that Petitioner McPherson is not entitled to § 2254 relief and dismisses the Petition under Rule 4.

### 1. Factual and Procedural Background

Petitioner David Michael McPherson was charged with criminal sexual penetration in the 3rd degree in New Mexico state court case no. D-722-CR-2014-00058. (Doc. 1 at 1). McPherson pled guilty and, by an Amended Judgment, was sentenced to 6 years of incarceration and 5 to 20 years of parole. (Doc. 1 at 1, 120-124). The Amended Judgment also specified that, because the crime constituted a serious violent offense, he would be required to serve 85% of the sentence of incarceration. (Doc. 1 at 120-124).

Following entry of the Amended Judgment, Petitioner McPherson sought habeas corpus relief in state court. (Doc. 1 at 50-119). His state habeas corpus petition raised four issues: (1) unknowing and involuntary plea; (2) serious violent offense; (3) ineffective assistance of defense counsel Campbell; and (4) ineffective assistance of defense counsel Maxwell. (Doc. 1 at 50-119).

The New Mexico Public Defender's collateral review unit reviewed McPherson's petition and concluded it was not a matter that a reasonable attorney would undertake. (Doc. 1 at 43-49). The Court also reviewed McPherson's claim and entered a memorandum opinion and order dismissing the petition on the merits. (Doc. 1 at 38-42). The New Mexico Supreme Court denied McPherson's petition for a writ of certiorari to review the District Court's dismissal of his habeas corpus petition. (Doc. 1 at 25).

McPherson then filed his § 2254 Petition in this case. (Doc. 1). McPherson's Petition raises the identical four issues that were raised and determined by the state court: (1) unknowing and involuntary plea; (2) serious violent offense; (3) ineffective assistance of defense counsel Campbell; and (4) ineffective assistance of defense counsel Maxwell. (Doc. 1 at 20-24). Applying the deferential standard mandated by the U.S. Supreme Court, this Court concludes that McPherson is not entitled to § 2254 relief and will dismiss the Petition.

## 2. The Standard for § 2254 Habeas Corpus Review

McPherson is proceeding in this Court under 28 U.S.C. § 2254. A prisoner in state custody may seek federal habeas corpus relief under 28 U.S.C. § 2254. Section 2254 provides:

> "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2254(a). Habeas corpus relief is not limited to immediate release from illegal custody, but is available as well to attack future confinement and obtain future releases. *See Peyton v. Rowe*, 391 U.S. 54, 66-67 (1968). Habeas relief is available to obtain restoration of good time credits, resulting in shortening of the length of the petitioner's sentence. *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973).

As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254 sets limits on the power of a federal court to grant an application for a writ of habeas corpus. If, as in this case, the application includes a claim that has been adjudicated on the merits in state court proceedings, § 2254(d) expressly limits federal court review. Under § 2254(d), a habeas corpus application "shall not be granted with respect to [such a] claim ... unless the adjudication of the claim:

>(1) resulted in a decision that was contrary to, or involved
>an unreasonable application of, clearly established Federal law,
>as determined by the Supreme Court of the United States; or
>(2) resulted in a decision that was based on an unreasonable
>determination of the facts in light of the evidence presented in
>the State court proceeding."

28 U.S.C. § 2254(d)(1) and (2). Under this standard, a federal habeas court "reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers,* 584 U.S. ___, 138 S.Ct. 1188, 1191-92 (2018). The standard is highly deferential to the state court rulings and demands that the state court be given the benefit of the doubt. *Harrington v. Richter,* 562 U.S. 86, 101 (2011); *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002) *(per curiam).* The standard is difficult for petitioners to meet in federal habeas proceedings under 28 U.S.C. § 2254. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States" refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Under § 2254(d)(1), a state-court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [that] precedent." *Williams*, 529 U.S. at 405-406. A

3

state court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam).

A state-court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407–08. A District Court undertakes this objective unreasonableness inquiry in view of the specificity of the governing rule: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). An unreasonable application of federal law is not the same as an incorrect application of federal law. *Williams*, 529 U.S. at 410. A federal court may not issue a habeas corpus writ simply because that court concludes the state-court decision applied clearly established federal law erroneously or incorrectly--the application must also be unreasonable. *Id.* at 411; *Harrington v. Richter*, 562 U.S. at 98. The AEDPA authorizes issuance of a writ only in cases where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with Supreme Court precedents. *Harrington.* 562 U.S. at 102.

### 3. Analysis of Petitioner McPherson's Claims

**A. Unknowing and Involuntary Plea Claim:** Petitioner McPherson pled guilty to the charge of third degree criminal sexual penetration by a written Plea and Disposition Agreement. (Doc. 1 at 125-128). Petitioner was charged with impregnating a 15-year old family member who later miscarried. The results of paternity testing established a 99.99% likelihood that Petitioner was the father. (Doc. 1 at 44). The first challenge to his conviction that McPherson raises in his § 2254 Petition is that his plea was neither knowing nor voluntary. (Doc. 1 at 20-22). Under federal

4

law, pleas must be knowing, voluntary, and intelligent to be constitutional valid. *See, e.g., Bradshaw v. Stumpf,* 545 U.S. 175, 183 (2005).

McPherson raised the identical claim in his state habeas corpus petition. (Doc. 1 at 38-39). In deciding the issue, the state court found that both the Plea Agreement and the plea colloquy at the court hearing directly contradict Petitioner's claim. (Doc. 1 at 39). The state court indicated that handwritten changes to the Plea Agreement made at the plea hearing were initialed by Petitioner who was present at the hearing. (Doc. 1 at 39). The court also made extensive findings regarding the knowing and voluntary nature of the plea, based on the colloquy between the court and petitioner. (Doc. 1 at 128-130). The Judge's findings included:

> "The defendant personally appeared before me and I have concluded as follows:
> 1. That the defendant understands the charges set forth in the Information.
> 2. That the defendant understands the range of possible sentences for the offense charged, from probation to a maximum of six (6) years incarceration and $5000.00 fine.
> 3. That the defendant understands the following constitutional rights which the defendant gives up by pleading Guilty:
>    (a) the right to trial by a jury, if any;
>    (b) the right to assistance of an attorney at trial, and to an appointed attorney, to be furnished free of charge if defendant cannot afford one;
>    (c) the right to confront witnesses against the defendant and to cross-examine them as to the truthfulness of their testimony;
>    (d) the right to present evidence on the defendant's own behalf and to have the state compel witnesses of defendant's choosing appear and testify;
>    (e) the right to remain silent and to be presumed innocent until proven guilty beyond a reasonable doubt.
> 4. That defendant wishes to give up the constitutional rights of which the defendant has been advised.
> 5. That there exists a basis in fact for believing the defendant is Guilty of the offenses charged and that an independent record for such factual basis has been made.
> 6. That the defendant and the prosecutor have entered into a plea agreement and that the defendant understands and consents to its terms.
> 7. That the plea is voluntary and not the result of force, threats, or promises

> other than the plea agreement.
> 8. Under the circumstances, it is reasonable that the defendant plead Guilty.
> 9. That the defendant understands that a conviction may have an effect on the defendant's immigration or naturalization status.
>
> On the basis of these findings, I conclude that the defendant knowingly, voluntarily and intelligently pleads Guilty to the above charges and accepts such plea."

(Doc. 1 at 128-130). In ruling on the habeas petition, the state court also concluded that McPherson's plea agreement was made consistent with the requirements of *Brady v. United States,* 397 U.S. 742, 748 (1970). (Doc. 1 at 38). The court ruled that McPherson's habeas corpus petition had not presented any basis for concluding that the plea was unknowing or involuntary. (Doc. 1 at 39-40).

Nothing in Petitioner's federal habeas petition or the state record shows that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1) and (2). To the contrary, the record establishes that, consistent with federal law, McPherson's plea was knowing, voluntary, and intelligent and, therefore, constitutionally valid. *See, e.g., Bradshaw v. Stumpf,* 545 U.S. 175, 183 (2005). The reasoning is entirely consistent with federal law regarding plea agreements under Fed. R. Crim. P. 11. *See*, e.g., *United States v. Hahn,* 359 F.3d 1315, 1325 (10th Cir. 2004). The state court's reasons are reasonable in light of the state court record and this Court will defer to the state court's conclusion that McPherson's plea was knowing and voluntary. *Wilson v. Sellers,* 584 U.S. ___, 138 S.Ct. at 1191-1192.

**B. Serious Violent Offense Claim:** The second grounds raised by Petitioner in his § 2254 Petition is that the state court should not have treated his offense as a "serious violent offense"

under New Mexico law and, therefore, he should be entitled to earned meritorious deductions for 50% of time served, rather than 85%. (Doc. 1 at 22-23). Petitioner raised the same issue in his state habeas corpus proceedings. (Doc. 1 at 40).

In rejecting his claim the state court noted that "serious violent offense" is defined by statute under New Mexico law. *See* N. M. Stat. Ann. 1978, § 33-2-34(L)(4)(o)(11). The Plea Agreement signed by Petitioner expressly states that "the defendant understands that this is a serious violent offense under 33-2-34 NMSA 1978." (Doc. 1 at 127, ¶ 10). The state court Judge also indicated that the record reflected extensive discussions between the court, the prosecutor, defense counsel, and the defendant regarding the facts of the crime. Based on the facts that Petitioner impregnated a 15-year old family member and then claimed the victim did it to herself, the habeas court concluded that the offense was properly treated as a serious violent offense under New Mexico law. (Doc. 1 at 40).

As indicated by the state court in its habeas corpus decision, the question of whether a crime constitutes a "serious violent offense" is a question of New Mexico statutory law. (Doc. 1 at 40). It is not the province of the federal courts to reexamine state law determinations. *Leatherwood v. Allbaugh,* 861 F.3d 1034, 1043 (10th Cir. 2017). Further, there is nothing in the state court record that suggests the state court applied a rule that the state rule in a manner that contradicts the governing law set forth in any Supreme Court case. Nor does the record suggest that the court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from that precedent. *Williams*, 529 U.S. at 405-406. Neither the state court's reasoning nor its result is inconsistent with or contradicts any Supreme Court precedent. *Early v. Packer*, 537 U.S. at 8. Petitioner McPherson is not eligible for § 2254 relief on his serious violent offense claim. 28 U.S.C. § 2254(d)(1) and (2).

**C. Ineffective Assistance of Defense Counsel Campbell:** Petitioner McPherson's third ground for § 2254 relief is alleged ineffective assistance by his defense counsel Joseph Campbell. (Doc. 1 at 23). In order to establish a claim of ineffective assistance of counsel, a petitioner must demonstrate: (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To establish deficient performance, the challenger must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. To establish prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. The likelihood of a different result must be substantial, not just conceivable. *Harrington v. Richter,* 562 U.S. 86, 112 (2011).

Where the petitioner entered a plea of guilty or no contest, the petitioner must establish that he would not have pled guilty had his attorney performed in a constitutionally adequate manner. *Miller v. Champion,* 262 F.3d 1066, 1072 (10th Cir. 2001). If a plea was intelligently and voluntarily entered on advice of counsel and that advice was within constitutional standards, the plea is deemed valid and there is no basis for federal habeas corpus relief. *Akridge v. Hopper,* 545 F.2d 457-58 (5th Cir. 1977). If there is sufficient evidence that counsel was not ineffective in allowing the petitioner to enter into a plea, the petitioner is not entitled to habeas corpus relief. *Allen v. Mullin,* 368 F.3d 1220, 1246 (10th Cir. 2004).

In his state habeas petition, McPherson claimed that Campbell was ineffective:

1. in failing to investigate;
2. in failing to provide meaningful adversarial testing;
3. in failing to object to admission of illegal evidence;
4. in failing to pursue pretrial motions;
5. in failing to hire and consult experts;
6. in failing to adequately advise Defendant of conflicts of interest likely sentence, parole, good time, and voluntariness of plea;
7. in the cumulative effect of counsel's errors.

(Doc. 1 at 3). As in his state habeas petition, McPherson claims that Campbell was ineffective in failing to object to admission of illegal evidence, failing to pursue pretrial motions, failing to hire consultants regarding the taint of child testimony, collection and examination of physical evidence, blood and DNA, and physical examination of the complainant. (Doc. 1 at 23, 56). Petitioner also contends that Campbell was ineffective in failing to pursue arguments that McPherson was held in pretrial detention too long, resulting in a violation of his speedy trial rights. (Doc. 1 at 3, 56).

Attorney Campbell was appointed to represent McPherson due to McPherson's conflicts with attorney Max Maxwell. (Doc. 1 at 79). In rejecting McPherson's argument that attorney Campbell was ineffective, the state court concluded that matters of child testimony, physical evidence, blood and DNA testing, and physical examination of the victim were irrelevant in light of McPherson's admission that he had intercourse with the victim. (Doc. 1 at 41-42). The state court also concluded that McPherson had waived any issues of ineffective assistance by Campbell when he failed to raise them prior to or at the time of entering into the plea agreement. (Doc. 1 at 41-42).

With respect to McPherson's claim of a speedy trial violation, the state court Judge found that proceeding to a guilty plea without raising the issue constituted a waiver of speedy trial rights. (Doc. 1 at 42). Moreover, the Plea Agreement specifically provides "[b]y accepting this plea agreement, the defendant waives his right to a speedy trial pursuant to Rule 5-604 and *State v. Sanchez*, 109 N.M. 313 (1989)." (Doc. 1 at 127, ¶ 9).

McPherson contends that he was "backed into" the guilty plea due to counsel's ineffective assistance. (Doc. 1 at 23). However, as set out, above, the state court concluded that McPherson knowingly and voluntarily entered into the guilty plea. The court concluded that there existed a basis in fact for believing the defendant is guilty of the offenses charged, that an independent

9

record for such factual basis had been made, and under the circumstances, it is reasonable that the defendant plead guilty. (Doc. 1 at 128-130). McPherson fails to demonstrate that he would not have pled guilty had his attorney performed in a constitutionally adequate manner. *Miller v. Champion,* 262 F.3d at 1072. His plea was intelligently and voluntarily entered on advice of counsel, that advice was within constitutional standards, and his plea was deemed valid by the state court. *Akridge v. Hopper,* 545 F.2d at 457-58 . Consistent with federal precedent, the record does not establish that counsel was ineffective in allowing McPherson to enter into the plea, and Petitioner is not entitled to habeas corpus relief. *Allen v. Mullin,* 368 F.3d at 1246.

**D.   Ineffective Assistance of Defense Counsel Maxwell:** The last claim raised by Petitioner McPherson is alleged ineffective assistance of defense attorney Martin Maxwell. (Doc. 1 at 24). In his state court habeas corpus case, McPherson contended that attorney Maxwell was ineffective:

> 1. in not providing assistance of counsel;
> 2. in failing to file a motion to dismiss under Article 14 of the Constitution;
> 3. in failing to file a motion to dismiss under Rule 6-202;
> 4. in failing to file a motion for a speedy trial;
> 5. in failing to effect bail as promised resulting in a conflict of interest and undue duress;
> 6. cumulative effect of counsel's errors.

(Doc. 1 at 3).

Attorney Maxwell represented McPherson during his arraignment but was discharged due to conflicts with McPherson and was replaced by Campbell. (Doc. 1 at 79). The state habeas corpus court rejected McPherson's claim of ineffective assistance of counsel Maxwell. (Doc. 1 at 42). In rejecting McPherson's claim, the state court concluded that, even if there was any ineffective assistance by counsel, McPherson did not show any connection between the alleged failures of Maxwell and the Plea and Disposition Agreement. (Doc. 1 at 42).

The state court's analysis and conclusion are not contradictory to or inconsistent with federal law. *Williams*, 529 U.S. at 405-406. The record does not establish that counsel Maxwell's performance was deficient, or that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. at 687.  McPherson does not show that counsel's representation fell below an objective standard of reasonableness or that there is a substantial, reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 688, 694;  *Harrington v. Richter,* 562 U.S. at 112. McPhersons is not entitled to § 2254 relief on the grounds of ineffective assistance of defense counsel Maxwell.

### E. <u>Conclusion</u>:

Petitioner McPherson fails to demonstrate that the state court's decision is contrary to the Supreme Court's clearly established law.  He presents no argument that the state court applied a rule that contradicts the governing law set forth in Supreme Court cases or confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from that precedent." *Williams*, 529 U.S. at 405-406.   Nor has McPherson made any showing that the state court's decision is an unreasonable application of clearly established Supreme Court law by correctly identifying the governing legal rule but applying it unreasonably to the facts of McPherson's case. *Williams*, 529 U.S. at 407–08; *Harrington v. Richter*, 562 U.S. at 98. The record shows that there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with Supreme Court precedents. *Harrington.* 562 U.S. at 102. Petitioner McPherson is not eligible for federal habeas corpus relief and the Court declines to issue a writ under § 2254.

### 4. Denial of a Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must grant or deny a certificate of appealability when it enters a final order adverse to the Petitioner. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Under Rule 11 of the Rules Governing Section 2254 Cases, the Court concludes that Petitioner has failed to make a substantial showing of denial of a constitutional right and the Court will deny a certificate of appealability.

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 By a Prisoner in State Custody filed by Petitioner, David Michael McPherson (Doc. 1) is **DISMISSED** with prejudice and a certificate of appealability is **DENIED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE